UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SHELDON,

           Plaintiff(s),

-against-

DR. FRANK GALANT,

           Defendant(s).

18-cv-06320(NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff William Sheldon ("Plaintiff") commenced this action against Defendant Dr. Frank Galant ("Dr. Galant" or "Defendant") pursuant to 42 U.S.C. § 1983 alleging that Dr. Galant and other unidentified medical staff members at the Downstate Correctional Facility were indifferent to his medical needs.[1] (ECF No. 1.) Before the Court is Defendant's motion seeking to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. §§ 12(b) 1 and 6, or in the alternative, pursuant to Fed. R. Civ. P. § 56 seeking summary judgment. (ECF No. 25.) The motion is unopposed. For the following reasons, Defendant's motion to dismiss is GRANTED in its entirety.

**BACKGROUND**

The following facts are derived from the Complaint or matters of which the Court may take judicial notice and are accepted as true for the purpose of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff was an inmate at Downstate Correctional Facility in 2012 and 2013. In October 2012, Plaintiff was prescribed zyprexa, a mental illness medication, by "the D.O.C.C.s mental

---

[1] Plaintiff initially brought this action on June 4, 2018, in the U.S. District Court, N.D.N.Y., Index No. 18-cv-0652. By decision and order, dated July 12, 2018, the Court severed and transferred to the Southern District of New York all claims asserted against Dr. Galant. Notably, the Court made no ruling as to the sufficiency of Plaintiff's allegations against said defendant.

1

health/medical staff."[2] After taking the medication, Plaintiff began to experience tremors in his right hand and in his legs. When the tremors worsened, Plaintiff was informed that the tremors were a side effect of the medication. Prior to taking and being prescribed the medication, Plaintiff was not informed of the possible side affects.

Plaintiff complained to Dr. Galant and other members of the medical staff about the tremors and he was subsequently diagnosed with Tardive Dysknesia.[3] Following his complaints, Plaintiff was prescribed cogentin[4] in an effort to ease the tremors, however, the tremors became more severe. Plaintiff inquired of the medical staff if the tremors could be the result of Parkinson's disease. Plaintiff was given a series of test which confirmed that he "had medically induced Parkinson's disease." The medical staff continued to prescribe the same medication and the tremors only worsened.

In May 2015, Plaintiff was transferred from Downstate to the Great Meadow Correctional facility ("Great Meadow'). While at Great Meadow, Plaintiff was examined by a neurologist. Plaintiff was informed that he had medically induced Parkinson's disease and that the zyprexa was the cause, along with the delay in treatment. Plaintiff further alleges that he filed an administrative grievance concerning his medical treatment and that his grievance was denied.

**LEGAL STANDARDS**

**Fed. R. Civ. P. § 12(b)(1)**

Under Fed. R. Civ. P. §12(b)(1) ("Rule 12(b)1"), a complaint must be dismissed if a court lacks subject matter jurisdiction over the action. "A court must decide a Rule 12(b)(1)

---

[2] Downstate Correctional is a D.O.C.C.'s facility.
[3] Tardive Dyskinesia is a side effect of antipsychotic medications which may cause stiff, jerky movements to your limps including your arms, legs, fingers, and toes.
[4] Cogentin is a medication that is used to reduce the effects of certain chemicals in the body that may be unbalanced as a result of disease, such as Parkinson's, drug therapy, or other causes.

motion before other motions to dismiss." *Winn v. Schafer*, 499 F. Supp. 2d 390, 394 (S.D.N.Y. 2007). In deciding a Rule 12(b)(1) motion, the Court is not be limited to the face of the complaint and may consider evidence outside the pleadings to resolve disputed factual issues. *State Emps. Bargaining Agent Coal v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007); *Phifer v. City of N.Y.*, 289 F.3d 49, 55 (2d Cir. 2002). On a motion to dismiss, courts may take judicial notice of prior judicial opinions that constitute public record. Fed. R. Evid. 201(b).

The plaintiff has the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *Phifer*, 289 F.3d at 55 (internal citation omitted). The preliminary showing that must be made by the plaintiff, however, is not meant to be overly burdensome. *Cromer Fin. v. Berger*, 137 F. Supp. 2d 452, 467 (S.D.N.Y. 2001). Subject matter jurisdiction is allowed so long as "the federal claim is colorable." *Savoie v. Merchants Bank*, 84 F.3d 52, 57 (2d Cir. 1996).

**Fed. R. Civ. P. § 12(b)(6)**

To survive a Fed. R. Civ. P. § 12(b)(6) ("Rule 12(b)1") motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Factual allegations must "nudge their claim from conceivable to plausible." *Twombly*, 550 U.S. at 555. A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable. *Iqbal*, 556 U.S. at 678. To assess the sufficiency of a complaint, the court is "not required to credit conclusory allegations or legal allegations couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). While legal conclusions may provide the "framework of the

complaint…threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 – 79.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S at 106 quoting *Conley v. Gibson*, 335 U.S. 41, 45-45 (1957)). This "is particularly so when the *pro se* plaintiff alleges that his civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

**Fed. R. Civ. P. § 56**

Pursuant to Fed. R. Civ. P. § 56 ("Rule 56"), summary judgment is appropriate " if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, " including depositions, documents . . . [and] affidavits or declarations," *see* Fed. R. Civ. P. 56(c)(1)(A), " which it believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion that there is no genuine dispute of a particular fact by " showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; accord *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009). Courts must "draw all rational inferences in the non-movant's favor," while reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Importantly, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Id*. at 249. Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id*. at 250. Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Critically, in an opposition to a Rule 56 motion for summary judgment "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).

A *pro se* litigant served with a motion for summary judgment must receive notice of the requirements for opposing the motion. *Cruz v. Armstrong*, 20 F. App'x 95, 96 (2d Cir. 2001) citing *Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir.2001). Such notice must be provided in "an accessible manner" and of the consequences of failing to comply with

the requirements of Rule 56. *Irby v. New York City Transit Authority*, 262 F.3d at 414. The failure to provide such notice shall result in the vacatur of the granting of summary judgment. Id.

**Section 1983**

Section 1983 provides that "[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself the source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Paterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under Section 1983, a plaintiff must allege (1) the challenged conduct was attributable to a person who was acting under color of state law and (2) "the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York,* No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see Cornejo v. Bell*, 529 F.3d 121, 127 (2d Cir. 2010). Therefore, there are two elements to a Section 1983 claim: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Cnty of Westchester*, 136 F.3d 239, 245 (2d. Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347,354 (E.D.N.Y. 1999) (noting that §1983 "furnished a cause of action for violation of federal rights created by the Constitution") (citation omitted).

**Eighth Amendment Deliberate Indifference**

The Eighth Amendment prohibits the infliction of " cruel and unusual punishments." U.S. Const. amend. VIII. Consequently, the government is obligated to provide adequate medical care to incarcerated people, and the failure to do so is a violation of the Eighth Amendment and gives rise to a deliberate indifference claim under Section 1983. *Estelle v. Gamble*, 429 U.S. 97, 103 – 05 (1976). In order to make a claim of medical indifference, a prisoner must show that there is (1) an objectively serious medical need and (2) subjective deliberate indifference, which measures whether the prison official acted with a sufficiently culpable state of mind. *Harrison v. Barkley,* 219 F.3d 132, 136 (2d Cir. 2000). The defendant must have actual notice of the prisoners serious medical need. *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1986). The subjective standard for deliberate indifference is essentially criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Therefore if " the defendant' s belief that his conduct poses no serious harm need not be sound as long as it is sincere." *Salahuddin v. Goord* 467 F.3d 263, 281 (2d Cir. 2006). Further, the charged official must be aware that there is a substantial risk of harm. *Id.*

There are various limits to a deliberate indifference claim. First, " medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. In order for an action or an omission to be a constitutional violation, it must result in a condition of urgency that results in degeneration or extreme pain. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); *Koehl,* 85 F.3d at 88 (holding the district court incorrectly dismissed the plaintiffs claim on a 12(b)(6) motion when a prisoner was deprived of his medically needed eye glasses resulting in a significant loss of vision). *Lawarnce v. Couglin*, 862 F. Supp 1090 at 1116

(S.D.N.Y. 1994) (finding a plaintiff was deprived of medical care when his knee surgery was delayed due to various retaliatory prison transfers, causing pain and suffering). For example, if a prison official deliberately ignores a gash on a prisoners face that is becoming infected, an omission of treatment could violate the Eight Amendment, where the failure to provide cosmetic surgery when a prisoner nicks himself shaving would not. *Chance,* 143 F.3d at 702. An inadvertent failure to provide adequate medical care does not rise to the level of deliberate indifference. See *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)

**Qualified Immunity**

Qualified immunity has been described as an affirmative defense that shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". *Stephenson v. Doe*, 332 F. 3d 68, 76 (2d Cir. 2003) quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). A defendant should raise a qualified immunity defense during pretrial proceedings so that the issue of qualified immunity can be resolved in the earliest possible stage of litigation. *Id.* In order to determine whether a defendant is entitled to qualified immunity, the court must consider: (1) whether a constitutional right has been violated; (2) whether that right was clearly established at the time; and (3) whether the officer had an objectively unreasonable belief that their conduct was lawful. *Id.*

Courts should first determine the question of whether a constitutional right has been violated. *Pearson v. Callahan,* 555 U.S. 223, 232 (2009). If a constitutional violation has occurred, next it should be decided whether the right was clearly established at the time it was violated. *Id*. In determining if a right is clearly established, it must be: (1) defined with

reasonable clarity; (2) the Supreme Court or the Second Circuit must have confirmed the existence of that right; and (3) "a reasonable defendant would have understood that his conduct was unlawful." *Doniger v. Niehoff,* 642 F.3d 334, 345 (2d Cir. 2011).

**Statute of Limitations**

There is no federal statute of limitations for Section 1983 claims. Thus, courts apply the statute of limitations for personal injury actions under state law. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989); *Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013). Section 1983 actions filed in New York are subject to a three-year statute of limitations, starting from the time " when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002); *see also* N.Y. C.P.L.R. § 214. Similarly, actions against unidentified defendants, typically referred to as " John Doe" pleadings," have a three year statute of limitation and cannot be used to circumvent the rule even in such cases where a ' John Doe' is replaced or substituted with a named party. *Aslinidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) (internal citations omitted). John Doe substitutions " may only be accomplished when all of the specifications of Federal Rule of Civil Procedure 15( c) are met." *Id*. If the amended pleadings meet the requirements of Rule 15( c), they are considered to " relate back" to the date of the original complaint. Fed. R. Civ. P. 15( c).

**DISCUSSION**

Read liberally, Plaintiff alleges in his complaint that while housed at Downstate he was treated for mental health reasons. Plaintiff was prescribed medication whose side effects included tremors or shaking. In response to Plaintiff's complaint of developing tremors in his right hand and legs, he was examined by the medical staff and diagnosed with having Tardive

Dysknesia. Tardive Dyskinesia is by definition a side effect of antipsychotic medications which may cause stiff, jerky movements to a patients limps. Notably, Plaintiff does not allege that his complaints were ignored but rather he was subsequently given medication, cogentin, to address the adverse side effects. Regrettably, Plaintiff alleges that after taking the new medication the tremors did not lessen but worsened.

A complaint that medical personnel may have been negligent in providing medical services does not constitute a claim under the Eighth Amendment. Plaintiff alleges he informed the medical staff of the ill-effects of the medicine and they attempted, be it unsuccessfully, to address the side effects. Plaintiff's claim, wherein the gravamen of the allegations sound at best in the negligent furnishing of medical treatment to a patient are more akin to medical malpractice. See *Bleiler v. Bodnar*, 65 N.Y.2d 65, 73 (1985). A deliberate indifference "entails something more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A deliberate indifference claim further requires a culpable state of mind of criminal recklessness which is absent in the allegations. *Farmer v. Brennan*, 511 U.S. at 837; *Hernandez v. Keane*, 341 F.3d 698, 702 (2d Cir. 1998) *cert. denied* 543 U.S. 1093 (2005). Plaintiff's sparse allegations are insufficient to support the requisite culpable state of mind of criminal recklessness. Medical malpractice or medical negligence does not become a constitutional violation merely because the victim is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff's scant allegation fail to allege personal involvement. It is settled law that "in order to establish a defendant's individual liability in a suit brought under § 1983, a Plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013). "[A] Plaintiff must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In the context of a prisoner's lawsuit, a Plaintiff must show "more than the linkage in the prison chain of command" to state a claim against a supervisory defendant. *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

In the Second Circuit, personal involvement in an alleged constitutional violation may be established if:

(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

After *Iqbal*, district courts within the Second Circuit "have been divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these factors remain viable." *Burns v. Griffin*, No. 16 CV 782, 2018 WL 3059655, at *7 (S.D.N.Y. June 20, 2018) (*citing Marom v. City of N.Y.*, 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016)). Although the courts within this circuit are split on the continued viability of *Colon*, various district courts have determined that only two factors survive. *See Bellamy v. Mount Vernon Hosp.*, No. 07 Civ. 1801, 2009 WL 1935939, at *6 (S.D.N.Y. June 26, 2009) (first and third Colon factors remain post-*Iqbal*), *aff'd*, 387 Fed. Appx. 55 (2d Cir. 2010); *Spear v. Hugles*, No. 08 Civ. 4026, 2009 WL 2176725, at *2 (S.D.N.Y. July 20, 2009). The Second Circuit has yet to resolve this dispute. *Burns*, 2018 WL 3059655, at *7 citing *Marom*, 2016 WL 916424, at *15).

Here, Plaintiff asserts that he complained to "Dr. Galant and his clinicians" purportedly about the tremors. When "the tremors began to worsen the medical staff insisted it was the side effect of the zyprexa." Plaintiff's allegation are insufficient to support a finding Dr. Galant

11

created a policy or custom under which an unconstitutional practice occurred, or allowed the continuance of such a policy or custom. Nor does Plaintiff allege that Dr. Galant was personally involved in his treatment after he was prescribed cogentin and the tremors became more severe.

Plaintiff's claims are also time-barred. Plaintiff alleges that he was first prescribed zyprexa in October 2012. Approximately six months later, April 2013, he began to experience tremors as a result of the medication. As previously discussed, Section 1983 actions filed in New York are subject to a three-year statute of limitations, starting from the time plaintiff knows or has reason to know of the injury. N.Y. C.P.L.R. § 214 ; *Pearl v. City of Long Beach*, 296 F.3d at 80. To be deemed timely filed , Plaintiff's claim(s) should have been filed in April 2016. Here, Plaintiff's initial complaint was filed in the Northern District of New York on June 4, 2018, well beyond the three year statute of  limitation. Thus, Plaintiff's Section 1983 claims are time barred.[5]

Having found that Plaintiff has not alleged a plausible claim, the Court need not determine that portion of Defendant's motion seeking to dismiss on qualified immunity grounds or seeking summary judgment.

---

[5]Generally, in New York, a medical malpractice claim must be asserted within two and one half year (thirty months) from the time of the injury. N.Y. C.P.L. R. § 214-a.  A claim for products liability must be asserted within three years  from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff. N.Y. C.P.L. R. § 214-c.

## CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)6 is GRANTED, without opposition, in its entirety. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 18, to close the case, to mail a copy of this Opinion and Order to Plaintiff's last known address and to show proof on the docket.

Dated: December 6, 2019
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge